UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY P. LOWELL, JR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:14-CV-296-PLR-CCS |
| ) | |
| SUMMER BAY MANAGEMENT, LC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Stay Discovery [Doc. 26], in which Defendants move the Court to stay discovery in this case until ten days after the Court rules upon the Defendants' Motions to Dismiss [Docs. 13, 21] pending in this case. The Defendants maintain that a stay of discovery will save the parties' and the Court's resources. The Plaintiffs have responded in opposition, arguing that the fact that dispositive motions are pending is not an appropriate basis for staying discovery and that a stay will unduly delay the adjudication of this case. [Doc. 30]. The Defendants have filed a final reply in support of their position arguing that the burden of proceeding with discovery outweighs any potential hardship that might be caused by the stay. [Doc. 33].

On November 4, 2014, the parties appeared before the undersigned to address the Motion to Stay Discovery. The Court finds that this issue is now ripe for adjudication. Having considered the parties' filings and oral arguments, the Court finds that the Motion to Stay Discovery is well-taken, in part, and it will be **GRANTED IN PART** and **DENIED IN PART**.

A pending Motion to Dismiss is not ordinarily a basis, in and of itself, for staying discovery. As the court in Guild Associates Inc. v. Bio-Energy (Washington) LLC, 2014 WL 2767605 (S.D. Ohio 2014), explained, "[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or motion for judgment on the pleadings." Id. at *5; see also Porter v. Five Star Quality Care-MI, LLC, 2014 WL 823418, at *2 (E.D. Mich. Mar. 3, 2014) ("[C]ourts likewise have recognized that '[t]he mere filing of a dispositive motion . . . does not warrant the issuance of a stay [of discovery] under Rule 26(c).'").

Consistent with this rule, the undersigned has generally declined to stay discovery based upon a pending motion to dismiss, absent additional circumstances supporting a stay. See, e.g., Lakatos v. Canberra Indus., Inc., 3:14-CV-073, Doc. 31 (E.D. Tenn. Oct. 29, 2014).

In this case, the Court finds that the somewhat unique relationship between this case and its companion case, Lowell v. Summer Bay Mgmt., L.C., 3:13-CV-229, ("Lowell I") support staying discovery in this case for a period. The disposition of Lowell I will likely determine whether this case goes forward. Lowell I is set to proceed to trial on April 13, 2015. The Court has also considered the fact that claims against many individual board members are presented in the instant case but are not at issue in Lowell I. Thus, if Lowell I were to eliminate the need for this case to go forward, these individuals could potentially be saved the cost of participating in discovery.

Notwithstanding, the undersigned is mindful that, if this case proceeds, staying discovery will almost certainly delay the eventual adjudication of the case. Such delays are a burden on both the parties and the Court, and more importantly, are inconsistent with Rule 1 of the Federal

2

Rules of Civil Procedure. Thus, the Court is not inclined to stay discovery to the extent requested by Defendants.

Accordingly, the Court finds that the Motion to Stay Discovery **[Doc. 26]** is well-taken, in part, and it is **GRANTED IN PART** and **DENIED IN PART**. Discovery in this case is **STAYED** until the *earlier* of the following occurs: (1) the trial in Lowell I is completed; or (2) the Motions to Dismiss [Doc. 13, 21] in this case are decided. Within **ten (10) days** of either of these two events occurring, counsel for Defendant Summer Bay **SHALL FILE** a motion moving the Court to lift the stay in this case.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge